Hyman, C. J.
Plaintiffs seek to recover a printing press, and other printing materials, which they alleged to belong to them, and to be in the possession of defendants.
They prayed, .that, .defendants. be ordered to restore this property'tio them, or in case of failure-to restore-it; that they have judgment against defendants for the value thereof.
Defendants, in answer, claimed, title to, the property, in virtue of a sale made to them in April, 1864, by J. Ermon, whom they called in warranty. Ermon, in his answer, to .the call -in warranty, admitted the sale to defendants, and averred that he had a right to sell the property by a pledge of it to him made by plaintiffs' in March, 1858.'
It appears from the evidence adduced, that plaintiffs, who pursued the avocation of job printing, pledged, by written act, on 24th March, 1858, the materials which they used in carrying on their business to Ermon, (giving him authority to sell them in such manner as he might deem proper) but kept.possession of the same until May, 1863, when they delivered them tq -him, together with other printing materials which they acquired since making the act of pledge, declaring at the time of delivery *73 that they were going to leave the city, and that he had a mortgage on the establishment, the printing materials, and that he was fully authorized to sell and dispose of them.
Ermon thereon paid for plaintiffs, at their request, the rent owing by them to the owner of the house in which were the materials, and rented the house for himself from the owner until he could dispose of them. He advertised all the materials for sale, and on the 2d April, 1864, sold them to defendants for $3,000, this amount being less than that owing by plaintiffs to him.
Plaintiffs claim in this suit only the materials which they bought since 24th March, 1858, the date of the pledge to Ermon, and contend that as they were not pledged to him, he had no right to sell them under the act pledging other property.
This position cannot be gainsaid, but the evidence is, that Ermon had authority to sell the materials that were in plaintiffs’ establishment, in May, 1863, and that he sold them to defendants.
Plaintiffs abandoned their occupation, ceased renting the house in which their materials were,, and assented that Ermon should rent the house, thus giving the appearance that Ermon was the owner of property therein. Such conduct, on the part of the plaintiffs, might well raise the question (if there was no evidence of authority in Ermon to sell) whether plaintiffs could recover from defendants.
Plaintiffs contend that the answer of Ermon was conclusive against him, because he relied therein in the pledge of 24th March, 1858, as his authority ro sell the materials, and that he could not depend on other authority than that alleged. The evidence of other authority than that in the act of pledge was introduced without objection, and parties are bound by evidence so received on points not presented in the pleadings.
Judgment in the District Court was rendered in favor of defendants and warrantor, without prejudice to their right of warranty, if any, against Ermon.
Let the judgment of the District Court be affirmed, and let plaintiff, who is appellant, pay cost of appeal.